UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEYBANK NATIONAL ASSOCIATION,    )
                                 )
            Plaintiff,           )
                                 )
        v.                       )   No. 1:26-cv-00110-JPH-KMB
                                 )
SCHROEDER ACCOUNTING SERVICES    )
LLC Clerk's Entry of Default entered on )
03/18/2026,                      )
CRAIG E SCHROEDER Clerk's Entry of )
Default entered on 03/18/2026,   )
TRACY R. SCHROEDER Clerk's Entry of )
Default entered on 03/18/2026,   )
                                 )
            Defendants.          )

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

In January 2026, Plaintiff KeyBank National Association filed a complaint against Defendants Schroeder Accounting Services, Craig Schroeder, and Tracy Schroeder, alleging breach of two promissory notes, a credit card agreement, and guaranties of payment.  Dkt. 1.  KeyBank seeks damages and foreclosure of a mortgage executed as security for one of the promissory notes.  *Id.*  Defendants have not responded or defended this case.  On March 18, 2026, a clerk's entry of default was entered against Defendants.  Dkt. 13.  KeyBank has moved for default judgment.  Dkt. [15].  For the reasons below, that motion is **GRANTED** as explained in this order.

**A.    Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment.  *See VLM Food Trading Int'l, Inc. v. Illinois Trading*

1

*Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  First, the plaintiff must obtain an entry of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true.  *VLM Food*, 811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek a default judgment.  Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Defendants, dkt. 13, and KeyBank seeks default judgment, dkt. 15.  The allegations in the complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B.    Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, KeyBank seeks monetary damages and an order of mortgage foreclosure requiring the sheriff to sell the mortgaged property.  Dkt 15-4. KeyBank's entitlement to these damages can be determined from its evidence, so a hearing is unnecessary.  *See e360 Insight*, 500 F.3d at 602.

### 1. Monetary damages

KeyBank requests judgment for $469,526.47 plus interest in monetary damages for the defaults on the two promissory notes and credit card agreement. Dkt. 15-4 at 1. In support, KeyBank has provided a declaration from its counsel James Haney, dkt. 15-1, which incorporates a certification from KeyBank officer Molly Reardon in support of monetary damages, dkt. 15-2 at 2–6. That evidence provides calculations of balances due for two promissory notes and a credit card based on three 2018 agreements between KeyBank and Defendants. Dkt. 15-2. KeyBank has also provided the first promissory note agreement, the second promissory note agreement, and the credit card agreement. *Id.*

The requested $469,526.47 breaks down into $354,638.53 for the first promissory note, $91,391.40 for the second promissory note, and $23,496.54 for the credit card. *Id.* First, consistent with the terms of the first promissory note—including the principal loan amount, interest rate, monthly payment amount, and default in March 2024, *see id.* at 8-12, Schroeder Accounting Services and Mr. Craig Schroeder owe a "principal balance in the amount of $304,958.31, plus $46,728.55 in interest and $2,951.67 in unpaid fees," *id.* at 3.

Second, consistent with the terms of the second promissory note, including the principal loan amount and interest rate, *see id.* at 15–20, Schroeder Accounting Services and Mr. Craig Schroeder owe a "principal

balance in the amount of $80,619.85, plus $10,181.30 in interest and $590.25 in unpaid fees" for the second promissory note, *id.* at 4.

Third, consistent with the Business MasterCard Credit Card agreement, including the interest rates and fees, *see id.* at 25, Schroeder Accounting Services and Mr. Craig Schroeder owe the card's "outstanding balance of $23,496.54," *id.* at 4.

The uncontested declaration and supporting exhibits support KeyBank's monetary damages request.  *See e360 Insight*, 500 F.3d at 602.[1]

### 2. Mortgage foreclosure

Under Indiana law, a mortgagee may proceed in court against a mortgagor who "defaults in the performance of any condition contained in a mortgage."  Ind. Code § 32-30-10-3.  Federal courts may issue foreclosure orders in diversity jurisdiction cases following the state's foreclosure process.  *See Bank of Am. v. Martinson*, 828 F.3d 532, 533 (7th Cir. 2016).  Here, the mortgage at issue was executed as security for the first promissory note.  Dkt. 15-2 at 30.  Although Mr. Craig Schroeder is the sole member of Schroeder Accounting Services and the sole guarantor on the promissory notes, dkts. 1-3, 1-5, 1-7, and 1-8, both he and Mrs. Tracy Schroeder, as husband and wife and joint tenants, signed and are parties to the KeyBank Collateral Security Mortgage for the property located at 1208 N. Balsam Drive, Muncie, Indiana

---

[1] KeyBank also requests "reasonable attorneys' fees" but does not provide definite figures or other support.  *See* dkt. 15-4 at 1.  If KeyBank believes that it is entitled to fees, it may move to recover them separately under Fed. R. Civ. P. 54(d)(2).  *See* Fed. R. Civ. P. 58(a)(3).

47304.  Dkt. 1-9; dkt. 15-2 at 29–48.  So, after Defendant Schroeder Accounting Services defaulted, KeyBank was entitled to seek foreclosure on that property against Defendants Mr. Craig Schroeder and Mrs. Tracy Schroeder.  *See* dkt. 1 at 13; Ind. Code § 32-30-10-3.

KeyBank has shown that the real estate is located in Delaware County, Indiana, and requests that the Delaware County Sheriff sell the mortgaged property at issue.  Dkt. 15-4 at 2; *see* dkt. 15-2 at 5, 29; Ind. Code § 32-29-7-3 (requiring county sheriffs in the county where the mortgaged property is located to conduct foreclosure sales).

KeyBank is therefore entitled to sale of the mortgaged property by the Sheriff of Delaware County to recover $354,638.53 plus interest, the balance due for the first promissory note.  *See* dkt. 15-4 at 1.  Proceeds of sale should be applied according to Indiana Code § 32-30-10-14.

KeyBank also seeks judgment declaring its mortgage a "valid and first priority lien."  Dkt. 15-4 at 2.  KeyBank, however, merely requests that relief in its tendered judgment, *id.*, without identifying factual allegations or legal authority showing that such a declaration is appropriate at this time from this Court.  *See* dkt. 17; dkt. 16 at 2.  Moreover, it appears that the mortgage agreement states that KeyBank's mortgage is "a third in priority mortgage lien," subordinate to "a first mortgage lien in favor of Chase Bank" and "a second mortgage lien in favor of First Merchants Bank."  Dkt. 1-9 at 17; dkt. 15-2 at 44 (declaring both liens had outstanding principal balances at the time of the

mortgage agreement).  The default judgment therefore will not include a declaration regarding KeyBank's lien priority.

### C. Conclusion

Plaintiffs' motion for default judgment is **GRANTED** as explained in this order.  Dkt [15].  Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 6/30/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

6